IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PHILIP HAWLEY,

                Plaintiff,                OPINION AND ORDER

   v.                                                    24-cv-26-wmc

WARDEN CROMWELL,
KEVIN CARR, BRIAN HAYES,
MICHAEL SCRENOCK,
KRISTIN KERIG, and TAYLOR,

                Defendants.

Plaintiff Philip Hawley, an inmate at Redgranite Correctional Institution representing himself, challenges a Wisconsin state circuit court judge's denial of his petition for a writ of certiorari. He also seeks his immediate release from Redgranite so that he can litigate this case. (Dkt. ##7, 8.) Because Hawley is incarcerated and proceeding without prepaying the filing fee, the court must screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. When screening an unrepresented litigant's complaint, the court construes the complaint generously, accepting the allegations as true and holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, the court concludes that this case must be dismissed without ordering Hawley's release.

ALLEGATIONS OF FACT[1]

After defendant Administrative Law Judge Kristin Kerig revoked Hawley's extended supervision and ordered him reincarcerated in Sauk County Case No. 2013CF318, Hawley unsuccessfully appealed the decision to defendant Brian Hayes, the Administrator of the Division of Hearings and Appeals.  Still unsatisfied, Hawley sought review of the revocation decision by filing a certiorari petition in state circuit court to which the Attorney General's Office objected.  Defendant Judge Michael Screnock held a motion hearing and dismissed the petition after concluding that none of the respondents had been served with the writ. Hawley has appealed that decision to the Wisconsin Court of Appeals and also filed this federal lawsuit.  He requests damages (dkt. #1) and to be released from prison (dkt. # 7).

ANALYSIS

Plaintiff's filings lack detail, but he appears to be challenging his reincarceration and the denial of his state court certiorari petition.  Specifically, plaintiff disputes the basis for his revocation and contends that the attorney general's motion to quash the petition was "unconstitutional" because the attorney general had no authority to file it.  Plaintiff further alleges that Judge Screnock thus had no basis to grant the motion and dismiss his petition.

This court must dismiss this lawsuit.  To begin, under the rule in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), a plaintiff cannot bring claims for damages in this type of civil lawsuit if judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.*; *see also Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir.

---

[1] The court draws these allegations from Hawley's filings and attachments.  (Dkt. ##1, 7, 8.)

2000) (success on claims challenging revocation "would necessarily imply the invalidity of [plaintiff's] Wisconsin parole revocation, which *Heck* instructs cannot be shown through a § 1983 suit").  Plaintiff has not alleged that he has successfully obtained post-conviction relief by challenging the constitutionality of his revocation proceedings.  Indeed, his appeal from the denial of his certiorari petition in the Wisconsin Court of Appeals remains pending as of the date of this order.[2]  Therefore, *Heck* precludes him from pursuing damages for the circumstances surrounding his revocation proceedings.

Plaintiff also requests to be released from prison, but he cannot petition this court for that kind of relief yet either.  To challenge the fact or duration of his confinement in federal court, plaintiff will have to bring his claims in a habeas corpus proceeding under 28 U.S.C. § 2254 *after* exhausting his state-court remedies, not in a civil rights lawsuit.  *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (a prisoner in state custody challenging the fact or duration of his confinement must seek federal habeas or appropriate state court relief); *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) ("State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody.").  As noted above, plaintiff has not yet exhausted his state court remedies and "cannot simply opt out of the state review process because he is tired of it or frustrated by the results he is getting." *Cawley v. DeTella*, 71 F.3d 691, 695 (7th Cir. 1995).

---

[2] See the publicly available docket information for Appeal No. 2024AP236 at https://wscca.wicourts.gov/.

The Court of Appeals for the Seventh Circuit instructs that "[w]hen a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice" rather than convert it into a petition for habeas corpus. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). The court will therefore dismiss this lawsuit without prejudice. If plaintiff successfully challenges his revocation proceedings in state court, he may be able to pursue relief under § 1983. But plaintiff should be aware that some of the defendants he has named in this lawsuit, including judges, may be immune from suit based on their involvement in the revocation and certiorari proceedings. *See Stump v. Sparkman*, 435 U.S. 349, 354 (1978) (a judge is entitled to absolute immunity for his judicial decisions, even if "the action he took was in error, was done maliciously, or was in excess of his authority.").

ORDER

IT IS ORDERED that:

1) This case is DISMISSED without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994).

2) Plaintiff's motion for release (dkt. #7) is DENIED.

3) The clerk of court is directed to close this case.

Entered this 21st day of February, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge